**SILVERMAN & ASSOCIATES | ATTORNEYS AT LAW**

November 7, 2018

**VIA ELECTRONIC FILING**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *O'Hara v. Board of Cooperative Educational Services of Southern Westchester, et al.*
                18-CV-8502 (PAE)

Dear Judge Engelmayer:

      We represent the defendants, Board of Cooperative Educational Services of Southern Westchester ("SW BOCES"), Harold Coles, James Gratto, David Pulley, Lisa Schuchman, and John Knight, in the above-referenced matter. We are writing to respectfully request that this case be transferred to the Southern District of New York's White Plains Courthouse.

      Rule 18 of the Rules for The Division of Business Among District Judges, Southern District governs where a case should be assigned within the Southern District of New York. Rule 18(a)(i) provides that a civil case "shall be designated" a White Plains case if the "claim arose in whole or major part in the counties of Dutchess, Orange, Putnam, Rockland, Sullivan and Westchester ('the Northern Counties') and at least one of the parties resides in the Northern Counties." In addition, Rule 18(a)(ii) provides that even if one of the parties does not reside in the Northern Counties if "the claim arose in whole or in major part in the Northern Counties" it shall be designated as a White Plains case. Furthermore, 28 U.S.C. § 1404 allows for the transfer of an action to another venue "for the convenience of the witnesses or parties and in the interests of justice." (28 U.S.C. § 1404(a)).

      In this case, all of the alleged discriminatory acts took place within Westchester County and within one of the Northern Counties. In addition, the plaintiff resides in Westchester County, SW BOCES is located in Westchester County, and the remainder of the parties do not reside in Manhattan, with most residing in the Northern Counties. Thus, on either basis, this case should be designated a "White Plains case." Notably, according to the civil cover sheet filed in this matter, plaintiff is a resident of Dobbs Ferry, New York, which is in a Northern County and geographically closer to White Plains than Manhattan. Further, the business records or other documents that may be relevant to this action are located within Westchester County. Therefore, the case fits squarely within the criteria for designation as a "White Plains case" under Rule 18.

Second, when considering whether the discretion to transfer pursuant to § 1404 should be exercised, the court considers first whether venue is proper in the proposed transferee district. *Laumann Mfg. Corp. v. Castings U.S.A.*, Inc., 913 F.Supp. 712, 720 (E.D.N.Y.1996); see also 28 U.S.C. § 1404(a) (allowing for transfer to any district where the action "might have been brought"). If the proposed venue is proper, the court then considers whether the transfer will serve the convenience of witnesses and parties and is in the interest of justice. To make this determination, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice. See, e.g. *Blass v. Capital Internat'l. Security Group*, 2001 WL 301137 *4 (E.D.N.Y. March 23, 2001).

In the instant case, there can be no dispute that venue would be proper in the Southern District's White Plains courthouse division as all of the actions giving rise to this action took place within Westchester County. In addition, as set forth above, all of the parties as well as relevant documents are located in closer proximity to the White Plains Courthouse than the Manhattan Courthouse. Finally, the White Plains Courthouse would have the means to compel the attendance of unwilling witnesses, as the potential witnesses in this action will likely be current or former employees of SW BOCES and possible State agencies that are in all likelihood, residents of the Northern Counties and in closer proximity to the White Plains Courthouse. This is in stark contrast to the Manhattan Division of the Southern District, in which none of the parties or relevant documents are located.

Accordingly, the defendants respectfully submit that the transfer of this action would be proper as the action fits all of the criteria of both § 1404 and Rule 18 and respectfully request that the case be transferred to the White Plains Courthouse.

We greatly appreciate the Court's time and attention to this matter.

Respectfully submitted,

By: *Caroline B. Lineen*
Lewis R. Silverman (LS 9723)
Caroline B. Lineen (CL 0630)
Attorneys for Defendants
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510 tele

SILVERMAN | ATTORNEYS
& ASSOCIATES | AT LAW

TO: **VIA ECF**
Sean O'Hara, Esq.
Leeds Brown Law, P.C.
Attorneys for Plaintiff

SILVERMAN | ATTORNEYS
& ASSOCIATES | AT LAW