**SILVERMAN** | ATTORNEYS
**& ASSOCIATES** | AT LAW

March 27, 2019

<u>VIA ECF</u>

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Re:  *O'Hara v. Board of Cooperative Educational Services of Southern
> Westchester, et al.*
> <u>18-CV-8502 (KMK)(LMS)</u>

Dear Judge Karas:

We represent the defendants, Board of Cooperative Educational Services of Southern Westchester ("SW BOCES"), Harold Coles, James Gratto, David Pulley, Lisa Schuchman, and John Knight, in the above-referenced matter. Pursuant to your Honor's Individual Rules of Practice, and based upon the Court's directives at the pre-motion conference held on February 13, 2019, we are writing to respectfully request a second pre-motion conference or, in the alternative, permission to move to dismiss the plaintiff's Second Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

The plaintiff was employed by SW BOCES as a Teacher of Speech and Special Language from 1998 until her voluntary resignation for the purpose of retirement at the end of June 2016. The plaintiff is also licensed as a Speech Language Pathologist. According to the Second Amended Complaint, the plaintiff seeks to assert claims of discrimination on the basis of disability/perceived disability and retaliation in violation of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 ("§ 1983"). The plaintiff has withdrawn her New York State Human Rights Law claims in favor of pursuing them in the Division of Human Rights and has removed all claims against the individual defendants with the exception of her claim of a Fourteenth Amendment violation. The plaintiff still fails to state plausible claims for several reasons.

First, the Second Amended Complaint is still devoid of any factual allegations plausibly suggesting discrimination based on the characteristics prohibited by Title VII, such as the plaintiff's race, national origin, religion, or gender. In addition, the plaintiff fails to plead plausible violations of the Fourteenth Amendment pursuant to § 1983. As an initial matter, to the extent the plaintiff is alleging a claim of discrimination and/or retaliation on the basis of disability in violation of the Equal Protection Clause, such a claim is not actionable under § 1983 and fails as a matter of law. Eskenazi-McGibney v. Connetquot Cent. Sch. Dist., 84 F. Supp. 3d 221, 235–36 (E.D.N.Y. 2015). Furthermore, the plaintiff has not asserted sufficient facts to establish such a claim under a class-of-one or selective enforcement theories. In addition, a class-of-one equal protection claim

is not cognizable in the context of public employment. <u>Engquist v. Oregon Dept. of Agr.</u>, 553 U.S. 591, 603-04 (2008). The Second Amended Complaint is also devoid of sufficient factual allegations to state plausible procedural and/or substantive due process violations.

The purported claims for discrimination in violation of the ADA fail as well. First, the plaintiff has not met her burden of establishing she was disabled under the ADA. Although the plaintiff newly alleges specific gastrointestinal and heart valve conditions, she does not allege they substantially limit any major life activity. Indeed, as alleged, her gastrointestinal conditions merely interfere with, but do not substantially limit, her sleep. Her newly raised claim that she also suffers from reactive asthma is similarly insufficient as it is only alleged to impact her breathing. In addition, even assuming the facts as alleged in the Second Amended Complaint to be true, they do not plausibly demonstrate any nexus between the alleged adverse actions and any disability of the plaintiff or a perception that she was disabled.  Nor has the plaintiff alleged sufficient facts to demonstrate that she suffered a hostile work environment and resulting constructive termination. <u>Shapiro v. New York City Dept. of Educ.</u>, 561 F.Supp.2d 413, 424 (S.D.N.Y. 2008); <u>Kirsh v. Fleet Street, Ltd.</u>, 148 F.3d 149, 161 (2d Cir. 1998).  Further, the Second Amended Complaint is devoid of any allegations that the plaintiff engaged in the requisite protected activity for a retaliation claim, more specifically, that she engaged in the opposition of discrimination prohibited under the ADA as opposed to complaining about personal grievances with her supervision and Medicaid paperwork. Importantly, the allegations of retaliation for complaints made to the administration and for work absences do not fit under any legal theory raised in the Second Amended Complaint. In addition, any claims under the ADA and Title VII arising prior to May 12, 2016 would be barred as the plaintiff did not file an EEOC charge within 300 days of the alleged discriminatory acts.

The plaintiff also fails to state plausible claims against the individual defendants. The plaintiff's § 1983 claims against the individual defendants in their official capacity are redundant of the § 1983 claim against SW BOCES and the Second Amended Complaint does not contain sufficient facts to plausibly demonstrate the personal involvement of such defendants in a constitutional violation required for liability in their individual capacities.

For all the foregoing reasons, as well as those that will be raised and amplified while briefing the motion, the defendants respectfully request that the Court schedule a pre-motion conference or, in the alternative, order a briefing schedule enabling the defendants to proceed directly to moving to dismiss the Second Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

We greatly appreciate the Court's time and attention to this matter.



Respectfully submitted,

By: _Karen Rudnicki_

Lewis R. Silverman
Caroline B. Lineen
Karen C. Rudnicki
Attorneys for Defendants
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510

TO:     **VIA ECF**
        Sean O'Hara, Esq.
        Leeds Brown Law, P.C.
        Attorneys for Plaintiff

**SILVERMAN** | ATTORNEYS
**&ASSOCIATES** | AT LAW