# LEEDS BROWN LAW, P.C. **MEMO ENDORSED**

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

_____ *Attorneys at Law* _____

April 1, 2019

*Via ECF*
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10607

Re:   *O'Hara v. Board of Cooperative Educational Services of Southern Westchester, et.al*
        Docket No.: 18-CV-8502 (KMK)(LMS)

Your Honor:

      This firm represents the Plaintiff in the above referenced action. We write in accordance with Your Honor's Individual Rules and Practices, in opposition to Defendants' March 27, 2019 request for a pre-motion conference and permission to move to dismiss the Plaintiff's Complaint. (Dkt. 32). We respectfully submit this opposition, which reiterates positions previously taken concerning Defendants' November 15, 2018 request for same (Dkt. 15), as well as their December 27, 2019 request (Dkt. 22). For the purposes of this letter, Plaintiff refers to the Second Amended Complaint as filed (Dkt. 31).

      "The pleading requirements in discrimination cases are very lenient, even *de minimus*." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (citation omitted). Plaintiff's complaint cannot be dismissed even where not every element of plaintiff's case is supported with "detailed facts," as long as there is "more than naked assertion" to support a claim. *Brown v. Castleton College*, 09-CV-1, 2009 WL 3248106, *2 (D. Vt. Oct. 10, 2009). "The test is whether the plaintiff is entitled to offer evidence to support his claim, not whether he is ultimately likely to prevail." *G.I. Home Dev. Corp. v. Weis*, 07-CV-4115, 2009 U.S. Dist. LEXIS 29345, at *7 (E.D.N.Y. Mar. 31, 2009).

      When conducting their investigation into Plaintiff's allegations of discrimination and retaliation, the New York State Division of Human Rights ("DHR"), in their probable cause determination, found that:

> "the record includes correspondence that shows that Respondent knew about Complainant's disability and her objections over what she perceived was Respondent's abuse of her clinical license. The record also includes counseling memoranda, correspondence showing Respondent's scheduling of UDO appointments immediate upon her return from disability leave without advance notice, correspondence related to Respondent's response

1

to Complainant's DASA complaint while she was out on medical."

Here, Plaintiff argues that her rights were violated pursuant to the Americans with Disabilities Act ("ADA"), with such claim tolled pursuant to the March 3, 2017 filing with the DHR, to the position of May 7, 2016 (300 days prior to the DHR filing and EEOC cross-filing). However, and in relation to allegations and facts in the narrative presented which are untimely, we argue that the long-standing history of disparate treatment and retalioation directed at Plaintiff is relevant and should be considered. *See McMahon v. N.Y.C. Bd. of Educ.*, 2006 U.S. Dist. LEXIS 89627, at \*30 (E.D.N.Y. 2006) (holding that allegations that "cannot provide independent grounds for relief…may be considered as relevant background evidence that could lead a rational jury to find a causal link between the protected activity and the actionable adverse acts."). Notably, the conditions which Plaintiff identifies in the pleading are supported by Doctor's notes, including those which were provided to Defendant BOCES in support of Plaintiff's lengthy medical leave. (Compl. ¶¶ 101-102). Plaintiff's conditions and physical manifestations of pain placed Defendant BOCES on notice that Plaintiff suffered from conditions that rendered her in need of leave, which create conditions in which further adversity was intended to retaliate.

Following Plaintiff's return from a medical leave of absence (Compl. ¶ 105), she experienced heightened scrutiny and observations following leave from Individual Defendant Schuchman (Compl. ¶ 106), and on June 13, 2016, complained to Individual Defendants Knight, Gratto, and Coles concerning workplace harassment and bullying (Compl. ¶ 107). Again, Plaintiff voiced opposition and complained to Individual Defendants Knight, Gratto, and Coles. (Compl. ¶ 112). Receiving no relief, Plaintiff was subject to a hostile work environment giving rise to conditions tantamount to constructive discharge, and Plaintiff experienced economic injury due to conditions motivating unplanned retirement, due to Defendants' actions and failures to act. (Compl. ¶ 113).

Defendants argue that Plaintiff did not engage in protected acts relating to Title VII. However, "the anti-retaliation provision of Title VII have a broad reach," and here, Plaintiff "engaged in conduct by first informally and then formally objecting to [her] treatment at the hands of [her] employers. *See Birkholz v. City of New York*, 2012 WL 580522 (E.D.N.Y. 2012). Thus, even if Plaintiff did not specifically complain about a specific form of discrimination, she took action which constituted a protected activity under Title VII by repeatedly complaining about workplace harassment and bullying, including in complaints made to the District's Title IX Officer and other District actors required to provide assistance. (Compl. ¶¶ 72, 73, 80, 81, 83, 85, 88, 92, 100, 107, 111, 112). These complaints, and following actions, took place, at least in part, during the period applicable to Plaintiff's EEOC cross-filing. Notably, individuals acting in the capacity of Title IX Officers serve specific roles concerning complaints of gender discrimination in educational settings. Thus, by assigning the matter to Title IX investigation, Defendants believed that such complaints related to gender, and upon information and belief, the failure to respond and the subsequent harassment was intended to retaliate against Plaintiff on the basis that she had complained about discrimination including, but not limited to, gender discrimination. Discovery is required in order to understand what investigation, if any, took place regarding Plaintiff's many complaints, as well as to determine how Defendants violated Plaintiff's constitutional rights relating to her 14th Amendment claims.

Defendants finally argue that the Complaint does not adequately allege claims pursuant to 42 U.S.C. § 1983 ("§ 1983"). Notably, the Second Circuit has found that disability discrimination matters may be pursued pursuant to § 1983. *See Rogers v. Roosevelt Union Free Sch. Dist.*, 2012 WL 6163130,

2

at *9 (E.D.N.Y. Dec. 7, 2012) *aff'd*, 553 F. App'x 88 (2d Cir. 2014). To hold the District liable under § 1983 for unconstitutional actions of its employees, a plaintiff must plead and prove that: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."), *Torraco v. Port Auth. Of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007).

A policy or custom may be established by: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom through which constructive notice is imposed upon policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the Plaintiff. *See Parker v. City of Long Beach*, 563 Fed. App'x. 39, (2d Cir. 2014), as amended, (Apr. 21, 2015 (failure to train); *Hines v. Albany Police Dep't*, 520 F. App'x 5, 7 (2d Cir. 2013) (actions of policymakers); *Missel v. Cnty. Of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) formal policy and act of a person with policymaking authority for the municipality). Here, the Complaint alleges same, in that the District and Individual Defendants Coles, Gratto, Pulley, Knight, and Schuchman knew or should have known that Plaintiff was voicing opposition to workplace discrimination and a hostile work environment, and failed to take remedial and corrective action, and instead, allowed a continued practice of harassment to continue. This failure to supervise, despite obligations, policies, and procedures to do so, amounted to "deliberate indifference" to Plaintiff's constitutionally-protected rights. In fact, and in opposition to Defendants' position that insufficient facts are presented concerning the individual defendants, the Second Amended Complaint clearly identifies that Plaintiff is providing notice of a pleading alleging that the Individual Defendants failed to enforce the District's policies. (Compl. ¶ 124).

For all the foregoing reasons, the Second Amended Complaint should not be dismissed. To the extent that any portion of Defendants' letter application was not addressed, we look forward to fully briefing all issues at the pre-motion conference; if deemed necessary by the Court, and in our opposing papers. We thank Your Honor for your attention and consideration in this matter.

                    Best regards,

                    LEEDS BROWN LAW, P.C.

                    /s/

                    Sean O'Hara
                    LEEDS BROWN LAW, P.C.
                    One Old Country Road, Suite 347
                    Carle Place, N.Y. 11514
                    (516) 873-9550

cc: All Counsel (*Via ECF*)

*[Handwritten notation:]* The Court will hold a pre-motion conference on May 8, 2019, at 2:00.

So Ordered.

/s/ KMK
4/2/19

3