UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KATHLEEN O'HARA,                                    Docket No: 18-cv-08502 (KMK)

                              Plaintiff,

              -against-

BOARD OF COOPERATIVE EDUCATIONAL
SERVICES, SOUTHERN WESTCHESTER;
HAROLD COLES, JAMES GRATTO, DAVID
PULLEY, LISA SCHUCHMAN, and JOHN
KNIGHT, in their official and individual capacities,

                              Defendants.

-------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS


*Of Counsel:*    *Caroline B. Lineen, Esq.*
                 *Karen C. Rudnicki, Esq.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………...ii

PRELIMINARY STATEMENT…………………………………………………...1

STATEMENT OF FACTS……………………………………………………….2

STANDARD OF REVIEW………………………………………………………...3

ARGUMENT……………………………………………………………………….4

    **POINT I**

    PLAINTIFF'S CONSTITUTIONAL CLAIM SHOULD BE DISMISSED.................4

        A.  Equal Protection Claim………………………………………………...5

        B.  Procedural Due Process Claim……………………………………..7

        C.  Substantive Due Process Claim………………………………………8

        D.  The Plaintiff's § 1983 *Monell* Claims Must Be Dismissed………………..9

        E.  Lack of Personal Involvement of Individual Defendants……………...10

        F.  Individual Defendants Are Entitled to Qualified Immunity…………….11

    **POINT II**

    PLAINITFF'S STATUTORY CLAIMS ARE INADEQUATELY ALLEGED........12

        A.  The Plaintiff Has Not Adequately Alleged a Violation of Title VII.........12

        B.  The Plaintiff Has Not Raised any Actionable ADA Claims......................16

CONCLUSION………………………………………………………………….19

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Anderson v. Creighton,
    483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 10

Back v. Hastings on Hudson Union Free Sch. Dist.,
    365 F.3d 107 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 7

Bloom v. New York City Bd. of Educ. Teachers' Ret. Sys. of City of New York,
    2003 WL 1740528 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Bowen-Hooks v. City of New York,
    13 F. Supp. 3d 179 (E.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Brannigan v. Bd. of Educ. of Levittown Union Free Sch. Dist.,
    18 A.D.3d 787 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Brass v. Am. Film Tech., Inc.,
    987 F.2d 142 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Caporilli v. City of Rome,
    1992 WL 209327 (N.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Chizman v. Scarnati,
    218 F. Supp. 3d 175 (E.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cortec Industries, Inc. v. Sum Holding L.P.,
    949 F.2d 42 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cotterell v. Gilmore,
  64 F. Supp. 3d 406 (E.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Crown v. Danby Fire Dist.,
  676 F. App'x 87 (2d Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Engquist v. Oregon Dept. of Agr.,
  553 U.S. 591 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.,
  84 F. Supp. 3d 221 (E.D.N.Y. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Gebhardt v. Allspect, Inc.,
  96 F.Supp.2d 331 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

Giordano v. City of New York,
  274 F.3d 740 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Harlow v. Fitzgerald,
  457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Harris v. Forklift Sys., Inc.,
  510 U.S. 17, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993) . . . . . . . . . . . . . . . . . . . . . . . . 13

Johnson v. New York Med College,
  1997 WL 580708 (S.D.N.Y.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Juerss v. Millbrook Cent. Sch. Dist.,
  161 A.D.3d 967 (N.Y. App. Div.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Kaminsky v. Rosenblum,
  929 F.2d 922 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Leon v. Dep't of Educ.,
  16 F. Supp. 3d 184 (E.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Lewis v. Erie Cty. Med. Ctr. Corp.,
  907 F. Supp. 2d 336 (W.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Littlejohn v. City of New York,
  795 F.3d 297 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Lowrance v. Achtyl,
  20 F.3d 529 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lyman v. NYS OASAS,
  928 F. Supp. 2d 509 (N.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Mazza v. Bratton,
  108 F. Supp. 2d 167 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Mirabilio v. Reg'l Sch. Dist. 16,
  761 F.3d 212 (2d Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Monell v. Dept. of Social Services of City of N.Y.,
  436 U.S. 658 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nowak v. EGW Home Care, Inc.,
  82 F. Supp. 2d 101 (W.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Okoh v. Sullivan,
  441 F. App'x 813 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Patterson v. Cty. of Oneida, N.Y.,
  375 F.3d 206 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Pembaur v. City of Cincinnati,
  475 U.S. 469 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Postell v. Rochester City School Dist.,
  2015 WL 5882287 (W.D.N.Y. October 8, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Potenza v. City of New York,
    365 F.3d 165 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

RF v. South Country Central School District,
    2016 WL 5349782 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rochin v. California,
    342 U.S. 165 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ruotolo v. City of New York,
    514 F.3d 184 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Sacay v. Research Found. of City Univ. of New York,
    44 F. Supp. 2d 496 (E.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Sanzo v. Uniondale Union Free Sch. Dist.,
    225 F. Supp. 2d 266 (E.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Sarno v. Douglas Eliman-Gibbons & Inves, Inc.,
    183 F.3d 155 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Sista v. CDC Ixix North America, Inc.,
    445 F.3d 161 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Smalls v. Allstate Ins. Co.,
    396 F.Supp. 2d 364 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Sotomayor v. City of New York,
    862 F.Supp.2d 226 (E.D.N.Y. 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 72 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Weeks v. N.Y. State Div. of Parole,
    273 F.3d 76 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Weixel v. Bd. of Educ. of City of New York,
   287 F.3d 138 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Yap v. Oceanside Union Free School Dist.,
   303 F.Supp.2d 284 (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim
N.Y. Workers' Comp. Law §§ 120, 134 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## PRELIMINARY STATEMENT

The defendants, the Board of Cooperative Educational Services, Southern Westchester ("SWBOCES"), Harold Coles, James Gratto, David Pulley, Lisa Schuchman, and John Knight, by and through their attorneys, SILVERMAN & ASSOCIATES, respectfully submit this Memorandum of Law in support of their Motion to Dismiss, with prejudice, the plaintiff's Second Amended Complaint ("SAC") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), and for such other and further relief as this Court deems appropriate.

The plaintiff was employed by SW BOCES as a Teacher of Speech and Special Language from 1988 until her voluntary resignation for the purpose of retirement at the end of June 2016. The plaintiff is also licensed as a Speech Language Pathologist. According to the Second Amended Complaint, the plaintiff seeks to assert claims of discrimination on the basis of disability/perceived disability and retaliation in violation of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 ("§ 1983"). Indeed, over the course of 130 paragraphs, the plaintiff repeatedly avers she suffered incalculable instances of workplace bullying, without ever providing actual instances of said bullying, let alone timely or plausible instances. Moreover, the Second Amended Complaint is utterly devoid of any facts to support a finding the plaintiff was disabled under the statute, to suggest a nexus between any act on the part of the defendants and the plaintiff's purported disability and/or gender, or that the plaintiff suffered any adverse employment action. The defendants respectfully submit that the plaintiff's Second Amended Complaint should be dismissed for failure to state a viable statutory or constitutional violation pursuant to FRCP Rule 12(b)(6).

1

# STATEMENT OF FACTS[1]

The complainant was appointed to a probationary position with SWBOCES as Teacher of Speech and Language effective November 19, 1988. She was granted tenure in the area of Teacher of Speech and Hearing Handicapped ("TSHH") effective February 16, 1991. She is certified as a TSHH and licensed as a Speech Language Pathologist ("SLP"). (SAC, ¶¶ 10-11). On March 4, 2016, the plaintiff was issued a counseling memorandum addressing her insubordination. (SAC, ¶ 78). The plaintiff responded with allegations of bullying by the administration, and claimed she was being penalized as a result of "becoming sick." (SAC, ¶¶ 81, 83). On March 28, 2016, the plaintiff filed a complaint via SWBOCES' Dignity for All: Employee Reporting Form alleging workplace bullying. (SAC, ¶ 85). SWBOCES' efforts to investigate the plaintiff's claims were stymied by her cumulative months-long absences from work. (SAC, ¶¶ 87, 88, 93, 96, 99, 101, 103) On April 12, 2016, the plaintiff was issued another counseling memorandum for insubordination and unexcused absences after announcing that day that "the stress of the situation was making her sick and that she was going home." (SAC, ¶¶ 88-89). Repeated absences followed, all under the guise of healing temporary, stress-related gastrointestinal issues due to workplace bullying. (SAC, ¶¶ 102, 104). This included several weeks of "medical leave" upon the recommendation of an unnamed doctor to provide the plaintiff time for her "abdominal symptoms and ulcers to heal." (SAC, ¶ 102). The plaintiff returned to work on June 13, 2016 after unilaterally extending her medical leave. (SAC, ¶¶ 104-05). She resigned on June 22, 2016. (SAC, ¶ 113). The plaintiff has since filed two complaints with the New York State Division of Human Rights, as well as instituting this federal action on September 20, 2018. (Doc. No. 4). On March 13, 2019,

---

[1] The defendants deny the majority of the allegations set forth in the Second Amended Complaint and assume them to be true only for the purposes of this Motion.

the plaintiff filed her Second Amended Complaint, attached hereto as Exhibit "A." (Doc. No. 31). This timely motion to dismiss follows.

## STANDARD OF REVIEW

It is well-settled that a complaint will be dismissed under 12(b)(6) where it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544. 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to make a reasonable inference that the defendant is liable for the alleged misconduct." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) In deciding a dismissal on such grounds, the Court is required to accept the material facts alleged in the complaint as true, and to draw all reasonable inferences in the plaintiff's favor. <u>Id</u>. at 678-79. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Id</u>. at 678. Unsupported inferences, assumptions, and legal conclusions masquerading as factual conclusions will not be sufficient to prevent a motion to dismiss. <u>Gebhardt v. Allspect, Inc.</u>, 96 F.Supp.2d 331, 333 (S.D.N.Y. 2000). In its analysis, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." <u>Brass v. Am. Film Tech., Inc.</u>, 987 F.2d 142, 150 (2d Cir. 1993). Indeed, papers may be newly attached to a motion to dismiss where those papers were integral to the plaintiff's complaint, and where the plaintiffs did not lack notice of those documents. <u>Cortec Industries, Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 47-48 (2d Cir. 1991).

## ARGUMENT

## POINT I:  PLAINITFF'S CONSTITUTIONAL CLAIM SHOULD BE DISMISSED

The plaintiff has alleged a violation of her Fourteenth Amendment right pursuant to 42 U.S.C. § 1983 as against all defendants. As an initial matter, the plaintiff's claims of constitutional violations brought under § 1983 in New York are subject to a three-year statute of limitations. Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004). As such, to the extent the plaintiff has referenced, *inter alia*, issues pertaining to the use of her clinical license to "sign off" first arising in the 2010-2011 school year (SAC, ¶¶ 20-23); her complaint of a disproportionately heavy workload first arising in the 2011-2012 school year (SAC, ¶ 35); issues pertaining to her transfer requests, workplace injuries, voiced opposition to dangerous workplace placement, and workplace bullying in the 2012-2013 school year (SAC, ¶¶ 27-34; 36-38); or pertaining to workplace bullying, workplace injuries, comments made regarding her sick leave or medical leave, or contract violations in the 2014-2015 school year (SAC, ¶¶ 39-58), all such claims are time-barred. Therefore, the only timely claims are those first arising out of the 2015-2016 school year or later. Any and all claims arising prior to September 20, 2015 are time-barred and do not warrant consideration by the Court.

Although the basis of the plaintiff's Fourteenth Amendment claim is not readily discernible from a close reading of the Second Amended Complaint, the defendants maintain that the plaintiff has failed to plead any plausible violation of her equal protection, procedural, and/or substantive due process rights. In addition, the plaintiff alleges in a purely conclusory fashion that the defendants engaged in unlawful discriminatory practices by its policymakers, the individual defendants. (SAC, ¶¶ 9; 128-29). However, the Second Amended Complaint fails to denote the policymaker(s) and, as such, is devoid of sufficient allegations of discriminatory acts taken by any

4

policymaker(s). Therefore, the plaintiff likewise fails to plausibly allege any <u>Monell</u> violation and dismissal of her Fourteenth Amendment claim should eventuate.

### A.  Equal Protection Claim

Insofar as the plaintiff is alleging a violation of her Fourteenth Amendment equal protection rights, that claim must fail as a matter of law. Generally, to state a viable equal protection claim, the plaintiff must allege that she was selectively adversely treated compared with others similarly situated based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.  <u>Okoh v. Sullivan</u>, 441 F. App'x 813, 814 (2d Cir. 2011). Regardless of whether the plaintiff is raising an equal protection claim based upon retaliation for the exercise of her First Amendment rights to free speech[2] or based upon her purported disabilities, her claims cannot survive dismissal.

To the extent that the Court reads the Second Amended Complaint to allege disability discrimination or retaliation in violation of the Equal Protection Clause, a claim premised upon substantive rights provided by the ADA, such a claim is not actionable under § 1983. <u>Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.</u>, 84 F. Supp. 3d 221, 235–36 (E.D.N.Y. 2015). As the broad and implausible discrimination and retaliation claims alleged by the plaintiff are, at best, the type of allegations that the ADA is designed to protect against, the plaintiff's claim under § 1983 cannot be pursued. <u>Id.</u> (internal citations omitted).

---

[2] According to the Second Amended Complaint: "Upon information and belief, the denial of these protections, as promised to other BOCES employees, was intended, at least in part, to retaliate against Kathleen for her frequent complaints concerning disparate treatment, misconduct, hostile work environment, workplace bullying, and conditions giving rise to discrimination." (SAC, ¶ 126). To the extent the Court perceives this to constitute a First Amendment retaliation claims pursuant to § 1983, the claim should be dismissed as there are absolutely no facts to suggest that she spoke on a matter of public concern, and instead, pleads only speech of a personal nature. <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 189-90 (2d Cir. 2008).

However, a plaintiff may bring a § 1983 claim premised upon substantive rights distinct from the ADA and despite the fact that disability and/or perceived disability are not suspect or quasi-suspect classifications. Id. Indeed, courts recognize that the equal protection guarantee extends to individuals who allege no specific class membership when they are subject to invidious discrimination at the hands of government officials. Id. However, this "class of one" equal protection clam based on disability is not cognizable in the context of public employment. Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 603-04 (2008). Therefore, again, the plaintiff is precluded from raising an equal protection claim.

Even if the plaintiff, as a public employee, was permitted to assert a "class of one" equal protection claim based upon her disability, she would have to allege the existence of comparators with an extremely high degree of similarity to provide an inference that the plaintiff was impermissibly singled out. Eskenazi-McGibney 84 F.Supp 3d at 236. Instead, the plaintiff alleges that her colleagues who had not sustained workplace injuries, or voiced opposition to dangerous workplace treatment, were not subjected to a hostile work environment. (SAC, ¶ 33). Obviously, this allegation has no connection to the plaintiff's membership in a protected class, no connection to her purported disability, and contains no allegation of comparators with an extremely high degree of similarity. The plaintiff trades exclusively in claims that amount to little "more than unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." Leon v. Dep't of Educ., 16 F. Supp. 3d 184, 203 (E.D.N.Y. 2014), aff'd in part, vacated in part sub nom. Leon v. New York City Dep't of Educ., 612 F. App'x 632 (2d Cir. 2015) (quoting Iqbal, 556 U.S. at 678). "[N]aked assertions devoid of further factual enhancements will not survive a motion to dismiss." Id. (quoting Twombly, 550 U.S. at 557). The plaintiff's Second Amended Complaint does not include specific factual references to transform her general allegations that the defendants' actions were

6

motivated by discriminatory animus. Id. As such, even if the plaintiff was permitted to pursue the instant claim, she has failed to plausibly allege any violation of her rights arising under the Fourteenth Amendment's Equal Protection Clause.

## B. **Procedural Due Process Claim**

Again, it is unclear from even a close reading of the Second Amended Complaint what procedures the plaintiff is alleging she was denied, or how the plaintiff suffered any deprivation of life, liberty or property. Indeed, insofar as the plaintiff is alleging a violation of her Fourteenth Amendment procedural due process rights, the Second Amended Complaint is utterly devoid of any plausible factual allegation to support such claims. To the extent the plaintiff is alleging her Dignity for All complaint was insufficiently investigated (SAC, ¶ 88), and that as "a result of BOCES' failure to investigate her repeated allegations of disparate treatment in the workplace… Kathleen was subjected to a hostile work environment tantamount to a constructive termination" (SAC, ¶ 116) such claims sound, at bottom, in negligent investigation, which is not cognizable in New York State. See e.g. Juerss v. Millbrook Cent. Sch. Dist., 161 A.D.3d 967, 968 (N.Y. App. Div.), leave to appeal denied, 32 N.Y.3d 903 (2018).

Moreover, while the right to continued employment is a property right protected under the Due Process Clause, personnel decisions short of termination do not constitute a deprivation of a property interest cognizable under the Fourteenth Amendment. Mirabilio v. Reg'l Sch. Dist. 16, 761 F.3d 212, 214 (2d Cir. 2014). Indeed, the plaintiff was never deprived of her property interest because, until her retirement in June 2016, she continued to be a tenured employee entitled to and eligible for all the benefits afforded an employee of her position, status, and seniority. The plaintiff's refusal to return to work, and her insistence on attempting to use her unilateral decision as a means of commencing the instant action, does not give rise to any constitutional violation,

7

and should not be countenanced by the Court. As such, the plaintiff's claims arising under the Fourteenth Due Process Clause is insufficiently alleged and should be dismissed, with prejudice.

## C. Substantive Due Process Claim

Insofar as the plaintiff is alleging a violation of her Fourteenth Amendment substantive due process rights, those claims also fail as a matter of law. Even assuming all the facts in the Second Amended Complaint to be true, the conduct that the defendants engaged in as alleged in the Second Amended Complaint was not so arbitrary, conscience shocking, or oppressive so as to give rise to a claim for a substantive due process violation. Rochin v. California, 342 U.S. 165, 172 (1952); Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994). Plaintiffs may only allege cognizable substantive due process claims for extreme or egregious conduct which can be fairly viewed as so brutal and offensive to human dignity that it shocks the conscience. Yap v. Oceanside Union Free School Dist., 303 F.Supp.2d 284, 296 (E.D.N.Y. 2004) (internal citations omitted). The fact that, as alleged, SWBOCES did not grant the plaintiff's request to be transferred from students with whom she did not want to work (SAC, ¶¶ 27-32), violated the plaintiff's contract by scheduling nine student therapy sessions a day (SAC, ¶¶ 45-46) and did not permit the plaintiff to shorten therapy sessions to under 30 minutes (SAC, ¶ 47) would not be considered conscience shocking by any reasonable fact finder.[3] Similarly, the plaintiff's contention that the defendants attempted

---

[3] Setting aside for the moment that these allegations of "bullying" are all time-barred by a period of up to two years, the plaintiff is actually attempting to make a claim that her refusal to "sign off" on services provided to students (as per the requirements for home school districts to obtain reimbursement of claims to the New York State Medicaid Program) during the 2010-2011 school year (SAC, ¶ 20) leads to a "disparately heavy caseload" (SAC, ¶ 24), which leads to a denied request for transfer (SAC, ¶ 27), which leads to workplace injuries by students during the 2012-2013 school year (SAC, ¶ 30), which somehow then leads to complaints about "assignments and lack of support" (SAC, ¶ 32) which then, by some illogical leap, then leads to increased workplace bullying and hostility based on, alternately, workplace injuries (SAC, ¶¶ 33, 41), voiced opposition to dangerous workplace placement (SAC, ¶ 33), complaints about heavy caseload (SAC, ¶ 35), complaints about unfavorable schedules (SAC, ¶¶ 50-51), the list goes on. However, nothing as alleged is either timely, plausible, conscious shocking, or even minimally related to the plaintiff's purported disability or any other membership in a protected class, including gender.

to observe and evaluate the plaintiff's performance (SAC, ¶¶ 77, 94-95, 98, 106, 110), commented on the plaintiff's numerous absences (SAC, ¶¶ 41, 94-95, 97), or issued the plaintiff counseling memoranda (SAC, ¶¶ 78, 89, 114) without ever receiving any attendant demotion or alteration in benefits or employment status, cannot, under any reading, be considered arbitrary, egregious, brutal, or offensive to human dignity. The plaintiff's substantive due process claim, to the extent alleged, should therefore be dismissed with prejudice.

### D.   **The Plaintiff's § 1983 *Monell* Claims Must Be Dismissed**

Setting aside the plaintiff's failure to plausibly allege unique constitutional violations, the Second Amended Complaint is also fatally deficient in that it states no viable § 1983 <u>Monell</u> claims. To establish the liability of a municipality under § 1983, the plaintiff must demonstrate that the alleged constitutional violations arose out of a governmental custom, policy or practice. <u>Monell v. Dept. of Social Services of City of N.Y.</u>, 436 U.S. 658, 694 (1978). A custom, policy or practice need not be an express rule or regulation. <u>Postell v. Rochester City School Dist.</u>, 2015 WL 5882287, at *4 (W.D.N.Y. October 8, 2015). Instead, an official policy may refer to formal rules or understandings, whether or not committed to writing, that are intended to establish a fixed course of action to be consistently followed under similar circumstances. <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480-81 (1986).

As previously stated, it is the defendants' position that the plaintiff has failed to adequately allege any underlying violation of her constitutional rights. However, pursuant to § 1983, even assuming, *arguendo*, that the plaintiff had sufficiently pled unique constitutional violations, SWBOCES can only be held liable for such deprivations if they were the result of a policy, custom, or practice of SWBOCES. The plaintiff cannot plead the existence of a municipal policy of custom solely by asserting conclusory allegations. <u>Monell v. Department of Social Services,</u> 436 U.S.

658, 691-94 (1978); <u>Back v. Hastings on Hudson Union Free Sch. Dist.</u>, 365 F.3d 107, 118 (2d Cir. 2005).

A school district or board of cooperative education's liability under <u>Monell</u> may be premised on any of three theories: (1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that the district employee responsible for the constitutional deprivation was himself responsible for establishing the relevant municipal policies as a "final policymaker." <u>See, e.g.</u> <u>RF v. South Country Central School District</u>, 2016 WL 5349782 at, *11 (E.D.N.Y. 2016).[4]

Here, the plaintiff has entirely failed to allege facts to support that the individual defendants were acting pursuant to any official policy or longstanding practice or custom. Indeed, the plaintiff has only included bare legal conclusions in support of their <u>Monell</u> claims, which should be afforded no deference and can be properly ignored by this Court. <u>See</u> <u>Ashcroft</u>, 556 U.S. 662 at 678; <u>see also</u> <u>Gebhardt</u>, 96 F.Supp.2d 331 at 333. Indeed, as the conduct of which the plaintiff complains is not that of any municipal policymaker acting pursuant to his or her official authority, she is required to provide comparator evidence, and, as discussed, has entirely failed to do so. <u>See, e.g.</u> <u>Crown v. Danby Fire Dist.</u>, 676 F. App'x 87, 92 (2d Cir. 2017).

**E.  <u>Lack of Personal Involvement of Individual Defendants</u>**

Additionally, to establish an individual liability of a defendant under § 1983, the plaintiff must demonstrate that the defendant was personally involved in the alleged constitutional

---

[4] Liability under <u>Monell</u> on the basis of a failure to train is also actionable, but inapplicable to the facts at bar. This is true despite the plaintiff's repeated reference to the defendants' "deliberate indifference." (SAC, ¶¶ 128-29). Although a <u>Monell</u> claim of a failure to train employees must amount to an exercise of deliberate indifference to the constitutional rights of the plaintiff, an incantation of the elements, without more, is unsupportable. The mere mention of the term does not overcome the plaintiff's complete lack of any allegation of a specific deficiency in SWBOCES' training of its employees. As such, any allegation of defendants' "deliberate indifference" is of no moment.

violation. <u>Back v. Hastings-on-Hudson Union Free Sch. Dist.</u>, 365 F.3d 107, 122 (2d Cir. 2004). However, the plaintiff has failed to allege any personal involvement of the defendants in the alleged constitutional violations, and all claims against them should be dismissed. As stated above, the plaintiff relies on unacceptably conclusory allegations and legal conclusions masquerading as facts to sustain their claims of constitutional violations, and their <u>Monell</u> claims fare no better. Moreover, the plaintiff alleges nonspecifically that the individual defendants made comments concerning her taking of sick leave (SAC, ¶ 41); that she complained to Ms. Schuchman about her schedule, that Ms. Schuchman assigned heavy caseloads and observations of the plaintiff, and issued her counseling memoranda (SAC, ¶¶ 45, 59, 68, 89,106); that Mr. Pulley informed her that reducing the therapy sessions of the special needs students in her charge to less than thirty minutes could result in disciplinary action (SAC, ¶ 47); that she complained to Mr. Coles about what she perceived to be workplace bullying, including her requirement to provide thirty minute therapy sessions (SAC, ¶ 52); made assorted other complaints to Mr. Pulley (SAC, ¶ 54), Mr. Coles (SAC, ¶¶ 73, 107, 112), Mr. Gratto (SAC, ¶¶ 57, 73, 92, 107, 112); and that Mr. Knight did not adequately investigate her Dignity for All complaint. (SAC, ¶ 88). As the plaintiff has not established any acts on the part of any policymaker in furtherance of any discriminatory policy, and as the individual defendants lack sufficient personal involvement to be liable, the plaintiff's constitutional claims against the District should be dismissed.

**F.  <u>Individual Defendants Are Entitled to Qualified Immunity</u>**

Even if the plaintiff's Second Amended Complaint could be construed to contain facts sufficient to plausibly suggest that the individual defendants were personally involved in the infringement of the plaintiff's rights, the defendants should nevertheless be shielded from suit by the doctrine of qualified immunity. Public officials are shielded by qualified immunity from

liability for damages that relate to their performance of discretionary official functions, provided "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

The availability of the defense turns on the "objective legal reasonableness" of the allegedly unlawful action, "assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987), *quoting,* Harlow, 457 U.S. at 818-19).Even if the constitutional right in question is clearly established, a government actor may still be shielded by qualified immunity if "it was objectively reasonable for the public official to believe that his acts did not violate those rights." Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991). The question to be addressed is what, if any, "clearly established right" of the plaintiff was violated and whether the defendants would have understood that their conduct, was unlawful. The defendants maintain that the individual defendants would never have understood their respective conduct to be unlawful. For the foregoing reasons, the individual defendants are entitled to qualified immunity.

## POINT II: PLAINTIFF'S STATUTORY CLAIMS ARE INADEQUATELY ALLEGED[5]

### A.  The Plaintiff Has Not Alleged Any Violation of Title VII

It is important to note that the Second Amended Complaint is utterly devoid of any factual allegations plausibly suggesting discrimination based on the characteristics prohibited by Title VII,

---

[5] In order to bring a claim under either the ADA or Title VII, a plaintiff must file a claim with the EEOC within 300 days of the alleged discrimination. Bloom v. New York City Bd. of Educ. Teachers' Ret. Sys. of City of New York, 2003 WL 1740528 (S.D.N.Y. 2003) (internal citations omitted); Brannigan v. Bd. of Educ. of Levittown Union Free Sch. Dist., 18 A.D.3d 787, 789 (2005). Therefore, to the extent the plaintiff has not filed an EEOC complaint, or has done so more than 300 days subsequent to any act of alleged discrimination and/or retaliation, such claims are precluded.

such as the plaintiff's race, national origin, religion, or gender.  Indeed, as alleged the plaintiff states she has been the victim of "discrimination and retaliation in the form of adverse employment actions because of her disability/perceived disability and/or her opposition to discriminatory practices, in violation of Tile VII" and the ADA. (SAC, ¶ 129). As such, the plaintiff appears to be raising a disability discrimination claim pursuant to Title VII, which is not an actionable claim.

To the extent the Court determines that the plaintiff is, at bottom, alleging a Title VII gender discrimination claim, such a claim is likewise subject to dismissal based upon a failure to state a claim. In order to defeat a motion to dismiss a Title VII gender discrimination case, the plaintiff must plausibly allege that (1) the employer took adverse action against her, and (2) her sex was a motivating factor in the employment decision. Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).  Importantly, Title VII is violated when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993). To sustain a claim of retaliation under Title VII, the plaintiff must plausibly allege (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action. Littlejohn v. City of New York, 795 F.3d 297, 316 (2d Cir. 2015). The plaintiff must have at least minimal support for the proposition that the employer was motivated by discriminatory intent.  Id. at 311.

Based upon the allegations contained in the Second Amended Complaint, the plaintiff has not met her burden of plausibly alleging even minimal support that her workplace was permeated with discriminatory intimidation, nor that any action taken on the part of SWBOCES was

13

motivated by the plaintiff's gender. Indeed, there is no mention of being treated differently than male counterparts, or that she alleges discrimination exclusively from members of the opposite sex. In addition, the plaintiff has not alleged a single instance of an adverse employment action under the law, let alone one based upon her gender.

Indeed, the counseling memoranda received by the plaintiff cannot be considered adverse employment actions. Weeks v. N.Y. State Div. of Parole, 273 F.3d 76, 86 (2d Cir. 2001) (holding that notice of discipline and counseling memorandum is insufficient to constitute adverse employment action); Cotterell v. Gilmore, 64 F. Supp. 3d 406, 425 (E.D.N.Y. 2014); Lyman v. NYS OASAS, 928 F. Supp. 2d 509 (N.D.N.Y. 2013). In fact, any reliance on the criticisms made of the plaintiff's poor behavior or insubordination by SWBOCES, or any claims of unfavorable schedules or work assignments fail as a matter of law and cannot be considered adverse employment actions.  Sotomayor v. City of New York, 862 F.Supp.2d 228. 254 (E.D.N.Y. 2012); Smalls v. Allstate Ins. Co., 396 F.Supp. 2d 364 (S.D.N.Y. 2005) (being yelled at, receiving unfair criticism and receiving unfavorable schedules or work assignments do not rise to the level of adverse employment actions); Lewis v. Erie Cty. Med. Ctr. Corp., 907 F. Supp. 2d 336, 347 (W.D.N.Y. 2012). The plaintiff cannot support a claim of discrimination pursuant to Title VII based on a complete lack of nexus between any action on the part of the defendants and the plaintiff's gender. Instead it appears the plaintiff regards Title VII as a code of civility to be used as a means to redress the plaintiff's extensive and innumerable displeasures. But Title VII is not a code of civility and cannot be invoked in absence of even a minimal showing of discrimination or retaliation based on a characteristic as protected under the statute. As such, the plaintiff's Title VII claim warrants dismissal.

Retaliation Claim

In regard to the plaintiff's claim of retaliation, it appears that she is alleging the protected activity in which she engaged was the repeated complaints about her job, including that she was expected to do it. However, as is well-established, protected activity under Title VII must include either opposing discrimination proscribed by the statute, and/or participating in Title VII proceedings. Bowen-Hooks v. City of New York, 13 F. Supp. 3d 179, 221–22 (E.D.N.Y. 2014). As has been previously discussed, the plaintiff nowhere alleges any opposition to discrimination on the basis of her gender, nor does she allege any participation in Title VII proceedings. As such, to the extent the court construes the plaintiff to have raised a claim of Title VII retaliation, that claim should be dismissed.

Hostile Work Environment Claim

Nor has the plaintiff pled facts demonstrating that she suffered the requisite severe or pervasive discriminatory intimidation, ridicule, and insult such that it altered the conditions of her employment and created an abusive working environment, in order to maintain a claim of a hostile work environment.  In determining a hostile work environment claim, courts will consider the severity, frequency, and degree of abuse, whether it is physically threatening or humiliating, or a mere offensive utterance. Chizman v. Scarnati, 218 F. Supp. 3d 175, 183 (E.D.N.Y. 2016) (internal quotations and citations omitted). Even accepting the plaintiff's allegations and true, and considering the totality of the circumstances, no act on the part of SWBOCES could be construed as even approaching creating a hostile work environment for the plaintiff. Again, the plaintiff has raised no factual claims as to her gender, has alleged no comments made in relation to her gender, and alleges no actions on the part of SWBOCES pertaining to her gender. For the foregoing

reasons, the plaintiff's Title VII claims of discrimination, retaliation, and hostile work environment, to the extent they are being maintained, should be dismissed in their entirety.

## B.  The Plaintiff Has Not Raised any Actionable ADA Claims

The plaintiff is also raising claims of discrimination and retaliation pursuant to the ADA. In order to adequately allege a claim for disability discrimination under the ADA, a plaintiff must establish that: (1) her employer is subject to the ADA; (2) she was disabled within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered adverse employment action because of her disability. Sista v. CDC Ixix North America, Inc., 445 F.3d 161, 169 (2d Cir. 2006), *citing* Giordano v. City of New York, 274 F.3d 740, 747 (2d Cir. 2001). In order to state a claim for retaliation under the ADA, a plaintiff must allege that: (1) she engaged in protected activity; (2) the defendant was aware of the activity; (3) she suffered an adverse employment action; and (4) a causal connection existed between the protected activity and the adverse employment action. Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 149 (2d Cir. 2002); Sarno v. Douglas Eliman-Gibbons & Inves, Inc., 183 F.3d 155, 159 (2d Cir. 1999). As discussed, we reiterate and incorporate by reference our arguments, *supra*, regarding the plaintiff's retaliation claims, and our analysis of any and all purportedly adverse employment actions or discriminatory animus as there is no nexus whatsoever between said actions and the plaintiff's disability.

Disability Discrimination Claim

First, the plaintiff has not met her burden of establishing that she suffers from a disability within the meaning of the ADA. Indeed, the Second Amended Complaint cannot be construed to give even fair notice of the plaintiff's disability discrimination claim and the grounds upon which it rests. Sanzo v. Uniondale Union Free Sch. Dist., 225 F. Supp. 2d 266, 269 (E.D.N.Y. 2002). In

evaluating a claim of disability under the ADA, the court follows a three-step process to determine: (1) whether plaintiff had an impairment; (2) whether the impairment affected a "major life activity" within the meaning of the ADA; and (3) whether that major life activity was substantially limited by the impairment. Mazza v. Bratton, 108 F. Supp. 2d 167, 173 (E.D.N.Y. 2000), aff'd, 9 F. App'x 36 (2d Cir. 2001). The plaintiff's claim of gastrointestinal issues should not be considered a qualifying disability based, in part, on her complete failure to allege whether she experienced any substantial limitation to a major life activity.

Moreover, courts do not consider gastrointestinal issues de facto disabilities absent a showing of such substantial limitation. Johnson v. New York Med College 1997 WL 580708 (S.D.N.Y.1997) (summary judgment granted against plaintiff with colitis); Caporilli v. City of Rome, 1992 WL 209327 (N.D.N.Y. 1992) (finding against plaintiff with ulcerative colitis after non-jury trial); Sacay v. Research Found. of City Univ. of New York, 44 F. Supp. 2d 496, 500 (E.D.N.Y. 1999) (court dismissed the complaint for failure to set forth factual allegations that were necessary to allege that plaintiff's colitis and other ailments substantially limited a major life activity). Nor does the plaintiff's allegation that she took medical leave due to the alleged workplace bullying demonstrate that she suffered a disability within the meaning of the statute. Nowak v. EGW Home Care, Inc., 82 F. Supp. 2d 101, 112 (W.D.N.Y. 2000) (allegation that employee took leave because of stress of job was not sufficient to demonstrate disability under the ADA).

Second, even assuming the plaintiff is considered disabled under the ADA, once again, she cannot demonstrate even minimal support for the proposition that SWBOCES was motivated by discriminatory intent based upon the plaintiff's disability. As alleged, no comments were even made regarding the plaintiff's purported disability, instead, as alleged, the plaintiff experienced

17

comments regarding her absences, namely concerns regarding scheduling. (SAC, ¶¶ 41, 94, 97). As such, the plaintiff cannot sustain a claim of disability discrimination under the ADA.

<u>Retaliation Claim</u>

The plaintiff appears to be alleging retaliation for taking medical leave. Setting aside the untimely nature of the majority of the plaintiff's allegations, and the lack of any adverse employment action, the plaintiff's claim of retaliation for taking leave has no nexus her disability. In addition, the plaintiff has not actually raised an actionable retaliation claim stemming from her medical related absences. To the extent the plaintiff is alleging retaliation for leave related to her workplace injuries sustained at the hands of her students (SAC, ¶¶ 30-31, 41-44), such a leave would be granted under the Workers' Compensation scheme, and thus any alleged retaliation for such leave would be subject to the anti-retaliatory provisions of the Workers' Compensation and under the continuing jurisdiction of the Workers' Compensation Board. <u>N.Y. Workers' Comp. Law §§ 120, 134</u>. Thus, the plaintiffs claims of retaliation would not properly be before this forum.

To the extent the plaintiff is alleging retaliation for leave related to her medical issues (SAC, ¶¶ 60, 62, 68, 71, 84, 93, 101-04), such a leave would be granted under the Family and Medical Leave Act ("FMLA"). Therefore, the plaintiff would be required to bring an FMLA retaliation claim, which allows an employee to assert that her employer discriminated against her because she engaged in activity protected by the Act, and must allege that 1) she exercised rights protected under the FMLA; 2) she was qualified for her position; 3) she suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. <u>Potenza v. City of New York</u>, 365 F.3d 165, 167 (2d Cir. 2004). The plaintiff has failed to allege any exercise of rights protected under the FMLA, or that she suffered any adverse employment action as a result of such a leave. Indeed, it should be noted

that the plaintiff's disjointed and overwrought allegations do not actually follow a pattern that could give rise to any inference of retaliatory intent.

Finally, it should be noted that a claim of retaliation pursuant to the ADA would arise in the context of retaliation for a request for accommodations. However, as the plaintiff never requested accommodations, and does not allege she ever requested accommodations, any claim of retaliation pursuant to the ADA is foreclosed. For the foregoing reasons, the plaintiff cannot sustain any claim of retaliation pertaining to her leaves, and her claim, to the extent it is construed under the ADA, should be dismissed with prejudice.

Hostile Work Environment Claim

Finally, the plaintiff's claim of a hostile work environment under the ADA fare no better that her claim under Title VII. The plaintiff claims comments were made about her "protected medical leave." (SAC, ¶ 41). By law, these comments do not even qualify as offensive utterances let alone severe and pervasive ridicule such that her claim of a hostile work environment would survive dismissal. For the foregoing reasons, the plaintiff has failed to adequately plead a single actionable federal claim, and her Second Amended Complaint should be dismissed.

**CONCLUSION**

For all the foregoing reasons, the defendants respectfully request that its motion be granted in its entirety and that the plaintiff's Second Amended Complaint be dismissed as a matter of law, with prejudice, and for such other and further relief as this Court deems appropriate. In the event that the Court denies the instant motion in whole or in part, the defendants respectfully request thirty (30) days from the date of the decision to file and serve an Answer to the plaintiff's Second Amended Complaint.

19

Dated: White Plains, New York
       June 28, 2019

Respectfully submitted,

**SILVERMAN & ASSOCIATES**

By: _____
       Caroline B. Lineen
       Karen C. Rudnicki
       Attorneys for Defendants
       445 Hamilton Avenue, Suite 1102
       White Plains, New York 10601
       (914) 574-4510

To:    Sean O'Hara
       Leeds Brown Law, P.C.
       Attorneys for Plaintiff
       One Old Country Road, Suite 347
       Carle Place, New York 11514
       (516) 873-9550