UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KATHLEEN O'HARA,                                     Docket No: 18-cv-08502 (KMK)

                            Plaintiff,

            -against-

BOARD OF COOPERATIVE EDUCATIONAL
SERVICES, SOUTHERN WESTCHESTER;
HAROLD COLES, JAMES GRATTO, DAVID
PULLEY, LISA SCHUCHMAN, and JOHN
KNIGHT, in their official and individual capacities,

                            Defendants.
-------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS


*Of Counsel:*   *Caroline B. Lineen, Esq.*
                *Karen C. Rudnicki, Esq.*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………………....ii

**PRELIMINARY STATEMENT**………………………………………………...1

**PROCEDURAL BACKGROUND**……………………………………………...1

**ARGUMENT**…………………………………………………………………..4

    **POINT I**

    **PLAINTIFF'S ADA, TITLE VII CLAIMS FAIL AS A MATTER OF LAW**............2

        **A.  The Plaintiff Has Impermissibly Attempted to Amplify Her Pleading**…..2

        **B.  The Plaintiff Never Engaged in a Protected Activity**……………………...3

        **C.  All of Plaintiff's Claims are Time-Barred or Inadequately Alleged**……...6

    **POINT II**

    **PLAINITFF'S CONSTITUTIONAL CLAIMS WARRANT DISMISSAL**.................9

**CONCLUSION**…………………………………………………………………10

# <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

Bloom v. New York City Bd. of Educ. Teachers' Ret. Sys. of City of New York,
2003 WL 1740528 (S.D.N.Y. 2003) .................................................................... 6

Brannigan v. Bd. of Educ. of Levittown Union Free Sch. Dist.,
18 A.D.3d 787 (2005) .......................................................................................... 6

Cortec Industries, Inc. v. Sum Holding L.P.,
949 F.2d 42 (2d Cir. 1991)................................................................................... 3

Cotterell v. Gilmore,
64 F. Supp. 3d 406 (E.D.N.Y. 2014).................................................................... 8

Galdieri–Ambrosini v. National Realty & Development Corp.,
136 F.3d 276 (2d Cir. 2016)................................................................................. 5

Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC,
470 F.Supp.2d 345 (S.D.N.Y.2007)................................................................. 4, 5

Jute v. Hamilton Sundstrand Corp.,
420 F.3d 166 (2d Cir. 2005)................................................................................. 8

K.D. v. White Plains Sch. Dist.,
921 F.Supp.2d 197 (S.D.N.Y. 2013).................................................................... 2

Krasner v. HSH Nordbank AG,
680 F. Supp. 2d 502 (S.D.N.Y. 2010).................................................................. 5

Littlejohn v. City of New York,
795 F.3d 297 (2d Cir. 2015)................................................................................. 8

Lyman v. NYS OASAS,
928 F. Supp. 2d 509 (N.D.N.Y. 2013) ................................................................. 8

Marks v. Nat'l Commc'ns Ass'n, Inc.,
72 F.Supp.2d 322 (S.D.N.Y.1999)....................................................................... 5

McMahon v. New York City Bd. of Educ.,
2006 WL 3680624 (E.D.N.Y. Dec. 12, 2006) ..................................................... 8

Peacock v. Suffolk Bus Corp.,
100 F. Supp. 3d 225 (E.D.N.Y. 2015).................................................................. 2

ii

<u>Ramos v. City of New York</u>,
   1997 WL 410493 (S.D.N.Y. July 22, 1997)                         4, 6

<u>Reynolds v. Giuliani</u>,
   506 F.3d 183 (2d Cir. 2007) ............................................................. 10

<u>Soliman v. Deutsche Bank A.G.</u>,
   2004 WL 1124689 (S.D.N.Y. May 20, 2004) ........................................... 5

<u>Spinelli v. NFL</u>,
   2015 WL 1433370 n. 8 (S.D.N.Y. Mar. 27, 2015) ................................... 2

<u>Weeks v. N.Y. State Div. of Parole</u>,
   273 F.3d 76 (2d Cir. 2001) ................................................................ 7

<u>Weixel v. Bd. of Educ. of City of New York</u>,
   287 F.3d 138 (2d Cir. 2002) .............................................................. 8

<u>Wright v. Ernst & Young LLP</u>,
   152 F.3d 169 (2d Cir. 1998) .............................................................. 2

## **Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ................................. 1

## PRELIMINARY STATEMENT

The defendants, the Board of Cooperative Educational Services, Southern Westchester ("SWBOCES"), Harold Coles, James Gratto, David Pulley, Lisa Schuchman, and John Knight, by and through their attorneys, SILVERMAN & ASSOCIATES, respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss, with prejudice, the plaintiff's Second Amended Complaint ("SAC") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), and for such other and further relief as this Court deems appropriate.

## PROCEDURAL BACKGROUND

The plaintiff filed her Complaint on September 18, 2018 alleging violations of the Fourteenth Amendment, Title VII, the ADA and the NYSHRL. (Doc. No. 1). Following the defendants' letter motion of November 16, 2018 (Doc. No. 15), seeking leave to move to dismiss the Complaint, the plaintiff filed her Amended Complaint on December 21, 2018 alleging additional violations of the NYSHRL.  (Doc. No. 20). Thereafter, the defendants again sought leave to move to dismiss the Amended Complaint (Doc. No. 22) and following a pre-motion conference on February 13, 2019, the plaintiff filed her Second Amended Complaint on March 13, 2019 withdrawing her NYSHRL claims and her ADA and Title VII claims against the individual defendants. (Doc. No. 31). Upon application of the defendants, a second pre-motion conference was held on May 8, 2019 and a briefing schedule ordered. (Doc. No. 35). This timely motion to dismiss followed.

1

## ARGUMENT

## POINT I:  PLAINITFF'S ADA, TITLE VII CLAIMS FAIL AS A MATTER OF LAW

### A.  The Plaintiff Has Impermissibly Attempted to Amplify Her Pleading

Given the ample opportunity afforded the plaintiff to modify and improve her allegations in light of the insufficiencies detailed in the defendants' pre-motion letters and discussed during the pre-motion conferences, it is troublesome that the plaintiff's opposition attempts to raise new facts and introduce new evidence. In particular, the plaintiff's Declaration in Opposition should be summarily rejected as an impermissible attempt to amplify the pleading. As pointed out in the defendants' memorandum of law, the plaintiff has not met her burden of alleging, *inter alia*, that she was disabled under the ADA. (MOL, pp. 16-18). The plaintiff now attempts to cure that pleading deficiency by describing how her purported disabilities substantially limit a major life activity by way of testimony entirely outside the scope of the Second Amended Complaint.

It is well-settled in this Circuit that a plaintiff cannot amend her complaint by asserting new facts of theories for the first time in opposition to a motion to dismiss. See e.g. K.D. v. White Plains Sch. Dist., 921 F.Supp.2d 197, 209 n. 8 (S.D.N.Y. 2013); Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998); Peacock v. Suffolk Bus Corp., 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015). Such claims are not properly before the Court and the Court need not consider them. Spinelli v. NFL, 2015 WL 1433370, at *12 n. 8 (S.D.N.Y. Mar. 27, 2015). Therefore, the plaintiff's new allegations in her Opposition, as well as those forming the subject matter of her Declaration, are of no consequence. This includes alleged notice of her purported disabilities, alleged limitation of life functions, insupportable categorization of injuries as disabilities, alleged permanence of purported disabilities, and all augmentation of her claims pertaining to constructive

2

discharge. As such, the amendment by way of Declaration should be disregarded and is not addressed herein.[1]

In addition, the plaintiff appends ten exhibits to her Declaration in Opposition, including counseling memoranda clearly detailing the non-discriminatory motives for directing the plaintiff's compliance with SWBOCES policies and procedures; the plaintiff's own response to her March 2016 counseling memorandum wherein she details her belief of being subjected to a hostile work environment based upon her opposition to SWBOCES' Medicaid reimbursement practices; a note from her internist suggesting time off for issues being treated by a gastroenterologist; and the DHR's 2017 probable cause determination. Generally, papers may be newly attached *to a motion to dismiss* where those papers were integral to the plaintiff's complaint and where the plaintiff did not lack notice of those documents. Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991) (emphasis added). Indeed, the filing of the operative pleading is the method by which a plaintiff provides pertinent exhibits, not her opposition. However, to the extent Exhibits 1-10 are determined by the Court to have been incorporated into the Second Amended Complaint by reference, they are addressed herein wherever applicable.

### B.  The Plaintiff Never Engaged in a Protected Activity

Importantly, the plaintiff has repeatedly averred that she opposed workplace misconduct by complaining about being injured by students (Opposition, p. 2; SAC, ¶¶ 27, et seq.), complaining about harassment for being injured and/or sick (Opposition, p. 4; SAC, ¶¶ 41, 46),

---

[1] This is likewise true of the plaintiff's impermissible, newly raised allegation that she requested, and was retaliated against for requesting, accommodations. (Opposition, pp. 18-19). Again, this is a wholly improper response to the defendants' arguments relative to the plaintiff's failure to allege any engagement in a protected activity. (MOL, p.19).

complaining about being observed by the UDO [2] (See Exhibits 1-5, 7-9), complaining about "signing off" on her own session notes (See Exhibits 1-5, 7-9; SAC, ¶¶ 20-38, 53-59), complaining about SWBOCES' adherence to Medicaid billing requirements (See Exhibits 1-2), none of which constitute protected activity under either statute. Contrary to the plaintiff's supposition, the success of the instant motion does not turn on assessing the plausibility of her allegations, her failure to establish each element of her prima facie case, nor her failure to recite magic words. Instead, there is absolutely nothing alleged in the Second Amended Complaint or her opposition papers, including the ten exhibits newly appended thereto, that could ever be construed to have put the defendants on notice of gender or disability discrimination or retaliation for opposing gender or disability discrimination.

The plaintiff argues that an employee need not have explicitly used the words "discrimination" or "gender" to afford her complaints protected-activity status. (Opposition, p. 3, n. 3). While true, the plaintiff's selective quotation, and her reliance on Krasner v. HSH Nordbank AG, etc. is inapposite.

> Krasner is correct that he need not have explicitly used the words "discrimination" or "gender" to afford his complaints protected-activity status. *See Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC,* 470 F.Supp.2d 345, 357 (S.D.N.Y.2007). When the conduct complained of, however, does not lend itself to a reasonable inference of unlawful discrimination, such "magic words," *see Ramos v. City of New York,* No. 96 Civ. 3787, 1997 WL 410493, at *3 (S.D.N.Y. July 22, 1997), may be the only way to put the employer *522 on notice that the employee believes himself to be complaining of discriminatory conduct. Here, given the gender-neutral conduct Krasner actually complained of, "because [he] failed to

---

[2] The plaintiff is a Teacher of Speech and Hearing Handicapped ("TSHH") and is licensed as a Speech Language Pathologist ("SLP"). For those TSHH providers that do not wish to use their SLP credentials to sign the session notes for Medicaid billing purposes or the TSHH providers that do not possess an SLP license, SWBOCES has provided what is known as "Under the Direction Of ("UDO") support and procedures. This entails, essentially, an SLP provider observing sessions performed by the TSHH, reviewing the session notes, and providing direction to the TSHH and then signing off on the session notes. This procedure is lawful and mandated by the New York State Medicaid Program in order to obtain reimbursement. In short, a TSSH with SLP credentials can sign off on her own session notes, but if she refuses, the only other option is to be observed and supported by the UDO procedures in order for the UDO to sign off on the session notes.

couch [his] complaint in terms of gender discrimination, 'there was nothing in [his] protests that could reasonably have led [HSH] to understand that gender was the nature of [his] objections.' " *Marks v. Nat'l Commc'ns Ass'n, Inc.,* 72 F.Supp.2d 322, 338 (S.D.N.Y.1999), quoting *Galdieri–Ambrosini,* 136 F.3d at 292. Krasner's retaliation claim thus fails because any adverse employment actions that befell him—while quite plausibly a product of Kiser's displeasure with Krasner for complaining about him—could not have been undertaken in retaliation for any protected activity. *Soliman,* 2004 WL 1124689, at *13 ("Because [the defendant] would not have understood that [the plaintiff's complaints] had anything to do with sexual harassment, [any] subsequent retaliation cannot, as a matter of law, amount to an unlawful retaliation under Title VII."). Accordingly, the Title VII retaliation claim (Count Two) will be dismissed with prejudice.

Krasner v. HSH Nordbank AG, 680 F. Supp. 2d 502, 521–22 (S.D.N.Y. 2010)

While the plaintiff has repeatedly complained of the conduct of the defendants, it has not been of any discriminatory conduct. This is true not only because the plaintiff never explicitly stated the words "discrimination" or "gender" or "disability". It is because there is no reading of those complaints that could reasonably have led the defendants to understand that gender or disability was the nature of her objections. In fact, in the plaintiff's detailed response to her March 4, 2016 counseling memorandum, she states repeatedly that she is being bullied because she will not sign her SLP license and has opposed SWBOCES' Medicaid reimbursement procedures. (See Exhibit 2). There is nothing that can be construed as referencing the plaintiff's gender nor any purported disability. Quite tellingly, the plaintiff repeatedly counters the assertion that she went home sick to avoid being observed by the UDO by stating that the stress of being observed by the UDO made her sick. Going home sick to avoid observation, however, just as sustaining workplace injuries and/or utilizing employee medical leave, does not demonstrate that the plaintiff engaged in a protected activity that caused defendants to instigate an adverse employment action, nor that the plaintiff was disabled under the statute. See e.g Int'l Healthcare Exch., Inc. v. Glob. Healthcare Exch., LLC, 470 F. Supp. 2d 345, 357 (S.D.N.Y. 2007) (ambiguous complaints that do not make

5

the employer aware of alleged discriminatory misconduct do not constitute protected activity, such as female manager complaining about having to perform secretarial work); Ramos v. City of New York, 1997 WL 410493, at *2–3 (S.D.N.Y. July 22, 1997) (unfair treatment is not actionable under the civil rights law and a complaint about it does not constitute protected activity; the unfair treatment must be due one's membership in a protected class and the complaint must make that point sufficiently clear). As such, the plaintiff cannot sustain her burden of plausibly alleging even minimal support for the claim that she engaged in a protected activity as described by Title VII and the ADA.

### C. All of Plaintiff's Claims are Time-Barred or Inadequately Alleged

The plaintiff argues that her March 3, 2017 DHR Complaint was cross-filed with the EEOC. (Opposition, p. 1). Again, in order to bring a claim under either the ADA or Title VII, a plaintiff must file a claim with the EEOC within 300 days of the alleged discrimination. Bloom v. New York City Bd. of Educ. Teachers' Ret. Sys. of City of New York, 2003 WL 1740528 (S.D.N.Y. 2003) (internal citations omitted); Brannigan v. Bd. of Educ. of Levittown Union Free Sch. Dist., 18 A.D.3d 787, 789 (2005). Therefore, any acts of alleged discrimination that occurred prior to May 7, 2016 are precluded. This includes the majority of the Second Amended Complaint until the plaintiff's return from leave on June 13, 2016. (SAC, ¶ 105). This is conceded by the plaintiff. (Opposition, pp. 5-7, 13). Given that the last day of school was on June 24, 2016 and that the plaintiff retired on June 30, 2016, her timely claims span 17 days, or 10 school days. (SAC, ¶¶ 114, 117).[3]

---

[3] The plaintiff's reference to an award of retro pay "during the scope of the NYSDHR investigation" does not constitute an actionable claim for all the reasons already stated, and additionally because the award had nothing to do with the plaintiff or her DHR complaint, but was a result of negotiations between SWBOCES and the applicable collective bargaining units. (SAC, ¶ 119; Opposition, p. 14).

Again, although the allegations are intentionally muddled as to content and chronology, the plaintiff claims that she was subjected to observations upon her return from leave, which never occurred based upon her plan to take additional leave before any observation could be conducted. (SAC, ¶¶ 106, 109-110). In addition, she claims that her complaints to Mr. Knight of June 13 and June 17 were ignored. (SAC, ¶¶ 107, 111-112). However, she also inexplicably appends Mr. Knight's April 29, June 8 and June 16 letters directing her to a meeting to discuss her allegations made in the Employee Reporting Form regarding the UDO and signing-off practices. (See Exhibits 7, 8, 9). [4] It is evident that the plaintiff retired before meeting with the defendants, who had awaited her return from leave to discuss and address her complaints. The plaintiff next alleges she was denied legal representation for this meeting, whereas she was explicitly told she could attend with her union representative. (SAC, ¶ 108; See Exhibit 9). Finally, the plaintiff alleges she received a counseling memorandum on the last day of school in retaliation for taking protected leave. (Opposition, p. 14; See Exhibit 5; SAC, ¶ 115). (The plaintiff alleges it was "backdated." Given the memorandum references only the June 13, 2016 observation which the plaintiff again avoided by going home sick, clearly the heading of "April 12, 2016" is a typographical error.)

As previously argued, the plaintiff has alleged no timely engagement in a protected activity, nor any adverse employment action, let alone one causally connected to the plaintiff's gender or purported disability. The final counseling memorandum received by the plaintiff cannot be considered an adverse employment action, regardless of whether it was received on the last day of school. Weeks v. N.Y. State Div. of Parole, 273 F.3d 76, 86 (2d Cir. 2001) (holding that notice of discipline and counseling memorandum is insufficient to constitute adverse employment action);

---

[4] This further evinces the fact that the plaintiff, adept at making and filing formal and informal complaints, never actually put the defendants on notice of her opposition to gender or disability-based discrimination and therefore never engaged in a protected activity, or was subjected to retaliation prohibited by the ADA or Title VII.

Cotterell v. Gilmore, 64 F. Supp. 3d 406, 425 (E.D.N.Y. 2014); Lyman v. NYS OASAS, 928 F.

Supp. 2d 509 (N.D.N.Y. 2013). The plaintiff cannot support a timely claim of discrimination

pursuant to Title VII or the ADA based upon a complete lack of nexus between any action on the

part of the defendants and the plaintiff's membership in a protected class. In addition, the plaintiff's

repeated reference to retaliation for taking protected leave implicates either the Workers'

Compensation scheme for workplace injuries, or the FMLA for medical leave. If the former, the

plaintiff has brought her claims in an improper forum. If the latter, the plaintiff has entirely failed

to allege a claim of FMLA retaliation. As such, the plaintiff's Title VII and ADA claims should

be dismissed.

Finally, there is no obligation that the Court consider untimely allegations as relevant

background evidence. (Opposition, p. 1, n.2). In fact, as cited in McMahon v. New York City Bd.

of Educ., relevant background evidence would consist of statements or decisions typifying the

timely retaliation involved. McMahon v. New York City Bd. of Educ., 2006 WL 3680624, at *10

(E.D.N.Y. Dec. 12, 2006), *quoting* Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 176-77 (2d

Cir.2005). However, in order for these timely or untimely acts of purported retaliation to be

considered, they must have occurred subsequent to the plaintiff's engagement in a protected

activity. This is true for both the plaintiff's Title VII and ADA claims. See Littlejohn v. City of

New York, 795 F.3d 297, 316 (2d Cir. 2015); Weixel v. Bd. of Educ. of City of New York, 287

F.3d 138, 149 (2d Cir. 2002). As argued, *supra*, it is equally true is that nowhere in her Second

Amended Complaint, nor in her Opposition papers, has the plaintiff plausibly alleged she engaged

in a protected activity, or that she suffered an adverse action, or that any action on the part of the

defendants was even minimally connected to her gender or purported disability. For the foregoing

reasons, the plaintiff's Title VII and ADA claims should be dismissed in their entirety and with prejudice.

## POINT II:  PLAINITFF'S CONSTITUTIONAL CLAIMS WARRANT DISMISSAL

The defendants maintain that the plaintiff has not come close to meeting her burden of plausibly alleging a violation of her Fourteenth Amendment equal protection or due process rights. It appears the plaintiff is arguing that she can pursue a disability discrimination claim pursuant to § 1983 so long as there is no rational relationship between the disparate treatment and some legitimate governmental purpose. (Opposition, p. 21).  Of course, as a threshold matter, the plaintiff has not sufficiently alleged that she was subjected to disparate treatment on account of her purported disability. Moreover, the plaintiff has only set forth the rational review standard without arguing how the defendants' actions could have been construed as not meeting this low burden.

In regard to the plaintiff's due process claim, her argument that she was entitled to a hearing pursuant to Education Law § 3020-a is unavailing. (Opposition, p. 22). No charges were preferred against her and she was not terminated, but retired voluntarily. Rather, if anything, an Article 78 proceeding was the plaintiff's adequate post-deprivation remedy for her constructive discharge claim, thereby operating as a bar to her procedural due process claim.

Finally, the plaintiff has not established sufficient acts on the part of policymakers such that would sustain her claim of municipal liability under Monell. Instead, she now argues that the Superintendent, allegations about whom do not appear anywhere in the Second Amended Complaint, is the requisite policymaker for purposes of a Monell analysis. Again, however, there are no acts alleged on the part of the Superintendent. In addition, her reliance on a "policy of inaction" theory is unavailing. (Opposition, pp. 22-23). The plaintiff is, at bottom, alleging a failure

to train, which requires plausible allegations that there was a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounted to deliberate indifference to the rights of those who come into contact with the municipal employees. The plaintiff has not presented any such allegations. Moreover, due to the lack of specificity of the Second Amended Complaint, the plaintiff fails to plead that a SWBOCES policymaker knew to a moral certainty that its employees would confront a particular situation that would lead to a constitutional deprivation. <u>Reynolds v. Giuliani</u>, 506 F.3d 183, 192–93 (2d Cir. 2007). For the foregoing reasons, the plaintiff has not presented any reason why her constitutional claims should not be dismissed in their entirety and with prejudice.

<u>**CONCLUSION**</u>

For all the foregoing reasons, the defendants respectfully request that its motion be granted in its entirety and that the plaintiff's Second Amended Complaint be dismissed as a matter of law, with prejudice, and for such other and further relief as this Court deems appropriate. In the event that the Court denies the instant motion in whole or in part, the defendants respectfully request thirty (30) days from the date of the decision to file and serve an Answer to the plaintiff's Second Amended Complaint.

Dated: White Plains, New York
         September 6, 2019

                                          Respectfully submitted,

                                          **SILVERMAN & ASSOCIATES**

                                          *Karen Rudnicki*

                                          By: _____
                                                Caroline B. Lineen
                                                Karen C. Rudnicki
                                                Attorneys for Defendants
                                                445 Hamilton Avenue, Suite 1102
                                                White Plains, New York 10601
                                                (914) 574-4510

To:    Sean O'Hara
Leeds Brown Law, P.C.
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550